**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

Nos. 01-2159
       01-2610

UNITED STATES,

Appellee,

v.

ARTHUR D'AMARIO, III,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Joseph A. DiClerico, U.S. District Judge]*
[Hon. Steven J. McAuliffe, U.S. District Judge]*

Before

Stahl, Senior Circuit Judge,
Lipez and Howard, Circuit Judges.

Arthur D'Amario, III on brief pro se.
Margaret E. Curran, United States Attorney, and Donald C.
Lockhart, Assistant U.S. Attorney, on brief for appellee.

March 12, 2003

*Of the District of New Hampshire, sitting by designation.

**Per Curiam**. In Appeal No. 01-2159, Arthur D'Amario, III, has appealed a district court order denying his motion to recover postconviction investigative expenses D'Amario incurred. In Appeal No. 01-2610, D'Amario has appealed district court orders denying his motion for a new trial and his motion to modify the conditions of his supervised release. We reject the government's contention that the notices of appeal were untimely filed and affirm the district court orders.[1]

*Appeal No. 01-2159*

*After* his conviction, D'Amario hired a private investigator. After we affirmed that conviction, D'Amario proffered the paid $1000 invoice to the district court and sought to have the government reimburse him for the money he had spent. The district court denied the motion, reciting that its pretrial approval of investigative expenses did not cover these expenses and that D'Amario had not obtained prior approval before incurring these postconviction expenses.

There was no abuse of discretion in denying this motion for reimbursement. See United States v. Manning, 79 F.3d 212, 218 (1st Cir.) (reciting standard of review), cert. denied, 519 U.S. 853 (1996). The court was correct in reciting

---

[1] We deny D'Amario's motion to consolidate these instant appeals with United States v. D'Amario, No. 02-2354.

-2-

that D'Amario had failed to obtain preapproval and D'Amario provides no authority for his bare assertion that he is entitled to reimbursement. Moreover, contrary to D'Amario's current contention, the pretrial expenses that had received preapproval, in fact, were incurred and were paid.

When D'Amario filed his motion for reimbursement, he did not ask that the district court judge (Judge DiClerico) recuse himself from ruling on it. On appeal, D'Amario contends that Judge DiClerico should have recused himself, sua sponte. Assuming, without deciding, that the issue is properly preserved, there is no point in granting D'Amario's requested relief, i.e., a remand for reconsideration by another judge. This is so whether the standard of review is abuse of discretion, see In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989), cert. denied, 495 U.S. 957 (1990), or error of law (plain or otherwise), see United States v. Antar, 53 F.3d 568, 573 (3rd Cir. 1995). D'Amario did not obtain preapproval for his after-conviction incurrence of $1000 in expenses for investigative services. No judge could conclude otherwise.

We affirm the July 30, 2001 order of the district court denying the motion for reimbursement of expenses.

*Appeal No. 01-2610*

While we ordinarily review a challenge to the imposition of conditions of supervised release for abuse of

-3-

discretion, D'Amario did not object to any of the conditions either at sentencing or on direct appeal and, thus, we would review for plain error.  See United States v. Allen, 312 F.3d 512, 514 (1st Cir. 2002).  The standard of review can not be more generous where here D'Amario is challenging not the imposition of conditions of supervised release but the district court's subsequent refusal to modify certain conditions of supervised release.  D'Amario's current challenge does not establish plain error in the district court's denial of D'Amario's motion to modify conditions of his supervised release.

There was no manifest abuse of discretion in denying D'Amario's new trial motion.  See United States v. Desir, 273 F.3d 39, 42 (1st Cir. 2001).  D'Amario's arguments on appeal do not convincingly suggest that the proffered "evidence" was newly discovered, obtained with due diligence, or material to the criminal charge.

We affirm the October 30, 2001 orders of the district court denying the motion for a new trial and the motion to modify the conditions of supervised release.