IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 06-41782

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ENRIQUE INSAULGARAT

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:01-CR-1053

Before DAVIS, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Enrique Insaulgarat appeals the district court's denial of his motion to modify the conditions of his supervised release pursuant to 18 U.S.C. § 3583(e)(2).

## I. Factual & Procedural Background

Insaulgarat was convicted by a jury of possession with intent to distribute in excess of 100 kilograms of marijuana. The marijuana was found in a trailer being transported by Insaulgarat during his employment as a truck driver. See

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Insaulgarat, 378 F.3d 456, 458-59 (5th Cir. 2004). Insaulgarat appealed, and this court affirmed his conviction but remanded for resentencing. Id. at 458. On remand, Insaulgarat was sentenced to 60 months of imprisonment and five years of supervised release. The district court required that Insaulgarat comply with the standard conditions of supervised release, a requirement to which he did not object. One of those conditions stated that "the defendant shall not leave the judicial district without permission of the court or probation officer." Insaulgarat did not appeal the sentence imposed on remand.

Insaulgarat was released from prison on December 30, 2005. On November 20, 2006, Insaulgarat filed a motion to modify his supervised release conditions to allow him to travel outside of the judicial district in which he was being supervised, the Southern District of Florida. Insaulgarat asserted that he had returned to his home in Miami and was offered employment as a truck driver, the only profession he had ever known. According to a letter attached as an exhibit to the motion, the President of All Over Transport, Inc. indicated that Insaulgarat would be required to travel through 48 states for 10 to 15 days at a time. Insaulgarat contended that allowing him to work in his profession was proper under 18 U.S.C. §§ 3583(e)(2), 3553(a). The Government took no position on the motion. The district court denied the motion without reasons, and Insaulgarat filed a timely notice of appeal.

On June 3, 2008, we vacated the district court's order and remanded for the limited purpose of having the district court explain its reasons for the denial based on the relevant factors. See United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003). We retained jurisdiction over this appeal pending the district court's compliance with our limited remand. See Wheeler v. City of Columbus, Miss., 686 F.2d 1144, 1154 (5th Cir. 1982). On remand, the district court gave the following reasons for its denial of the motion to modify: (1) Insaulgarat was previously engaged in drug trafficking while employed as a long distance truck

driver; (2) he had only been on supervised release for about two months before he requested the modification; and (3) he made no claim that he was unable to obtain employment as a truck driver within the district where he was supervised. The district court also relied on the recommendation of the United States Probation Office (USPO), which strongly objected to the modification because of Insaulgarat's "instability, offense of conviction, violent history, and the fact that his request would essentially make supervision null and void." According to the USPO, the refusal to lift the out-of-district travel restriction did not impose an undue hardship because Insaulgarat could work as a truck driver within the district where he was supervised. Before denying the motion, the district court also considered the nature and circumstances of the offense as reflected in the Pre-Sentence Report (PSR).

## II. Analysis

A sentencing court retains jurisdiction to modify the conditions of supervised release after considering certain factors. See 18 U.S.C. § 3583(e). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 944(a); (7) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. Id. (citing 18 U.S.C. § 3553(a)).

The district court may modify the conditions of supervised release "pursuant to the provisions of [Rule 32.1(c) of the Federal Rules of Criminal Procedure] and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."  Id. § 3583(e)(2).  When entertaining a motion to modify, the district court should evaluate whether the conditions of supervised release "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes" of deterrence, public protection, and rehabilitation. Id. § 3583(d)(2).

The parties dispute the appropriate standard of review.  The Government argues that plain error review applies to the denial of Insaulgarat's motion because he did not object to the imposition of the standard supervised release conditions at sentencing and did not directly appeal the sentence that was imposed on remand.  The Government argues that the imposition of a supervised release condition would be reviewed for plain error if a challenge were raised for the first time on direct appeal.  See United States v. Talbert, 501 F.3d 449, 452 (5th Cir. 2007). In support of its position, the Government cites an unpublished decision from the First Circuit that states, "The standard of review can not be more generous where here [the defendant] is challenging not the imposition of conditions of supervised release but the district court's subsequent refusal to modify certain conditions of supervised release."  United States v. D'Amario, 59 F. App'x 348, 349 (1st Cir. 2003).

Insaulgarat argues that the denial of his motion to modify should be reviewed for an abuse of discretion.  See United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006); Nonahal, 338 F.3d at 670; United States v. Stanphill, 146 F.3d 1221, 1222 (10th Cir. 1998); United States v. Friedberg, 78 F.3d 94, 96 (2d Cir. 1996).  Insaulgarat argues that it may not be apparent how certain conditions of supervised release will be implemented until the term of supervised release commences, long after the limitations period for filing an appeal has

expired. Insaulgarat argues that the need for modification of supervised release conditions may result, as in his case, from changes in the defendant's circumstances or "unreasonableness on the part of the probation officer." FED. R. CRIM. P. 32.1, Advisory Committee Notes to 1979 Addition. Because Insaulgarat did not receive a bona fide offer of employment requiring out-of-district travel until he was released from prison, the factual basis for modifying the out-of-district travel restriction did not exist at the time of his re-sentencing. Cf. United States v. Warden, 291 F.3d 363, 365 n.1 (5th Cir. 2002) (the district court's imposition of special conditions of supervised release is reviewed for abuse of discretion if the defendant "had no opportunity to object to or comment on the special conditions"). Insaulgarat argues that an attempt to challenge his supervised release conditions based on future contingencies would likely fail on ripeness grounds. See United States v. Carmichael, 343 F.3d 756, 761-62 (5th Cir. 2003); United States v. Thomas, 198 F.3d 1063, 1064-65 (8th Cir. 1999). According to Insaulgarat, the motion to modify in D'Amario was not based on any changed circumstances or the manner in which the probation officer implemented the supervised release conditions, so the defendant in D'Amario could have challenged the conditions of his supervised release through direct appeal of his sentence.

We need not decide the appropriate standard of review because Insaulgarat is not entitled to relief under the less deferential abuse of discretion standard. "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." United States v. Castillo, 430 F.3d 230, 238 (5th Cir. 2005). After reviewing the specific reasons given for the denial, we are satisfied that the district court did not abuse its discretion when it denied Insaulgarat's motion. The district court's refusal to modify the out-of-district travel restriction was reasonably related to the

relevant factors and was not based on a clearly erroneous assessment of the evidence.  See 18 U.S.C. § 3583(d)(1), (e)(2).

AFFIRMED.