# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 24, 2011

Lyle W. Cayce
Clerk

No. 11-10337
Summary Calendar

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

RICHARD LEON GOYETTE, also known as Michael Jurek,

  Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CR-11-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges

PER CURIAM:[*]

  Richard Leon Goyette, federal prisoner # 48199-051, pleaded guilty to threats and false information and threats and hoaxes, in violation of 18 U.S.C. §§ 844(e) and 1038(a)(1). He was sentenced to a total of 46 months in prison and three years of supervised release and is serving his term of imprisonment. The instant appeal challenges the district court's refusal to modify his terms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release. Because Goyette's motion was filed prematurely, the district court did not err in denying it.

Relevant to this appeal, the following special conditions of supervised release were imposed: (1) the defendant shall immediately pay restitution in the amount of $87,734.40; (2) the defendant shall pay a fine of $5,000; (3) the defendant shall provide to the probation officer any requested financial information; (4) the defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer; (5) the defendant shall provide to the probation officer complete access to all business and personal financial information; (6) the defendant shall maintain not more than one business and/or personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without prior approval of the probation officer; (7) the defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer; and (8) the defendant shall participate in mental health treatment services and shall contribute $5.00 per month for the cost thereof.

Goyette failed to perfect a timely appeal, when the judgment embodying these conditions was entered. Instead, he filed a motion to modify the conditions of supervised release, which contends, inter alia, that he has satisfied the restitution and fine order and that there was no evidence of mental illness to support the condition of supervised release that he undergo mental health treatment. *See* Letter from Assistant United States Attorney Richard B. Vance reflecting that Goyette had satisfied his restitution, fine, and surcharge obligations. The district court denied the motion without written reasons.

A district court's ruling on a request to modify the terms of supervised release is reviewed for abuse of discretion. *See United States v. Insaulgarat*, 289 F. App'x 738, 740-41 (5th Cir. 2008) (holding that the district court's denial

of Insaulgarat's request for a modification did not constitute an abuse of discretion without deciding if a stricter standard applied).

Goyette argues that because he satisfied the restitution and fine order, he should be relieved from various financial conditions of supervised release.  He also contends that the "district court abused both its authority and discretion" by requiring as a special condition of supervised release that he undergo mental health treatment.  Goyette asserts that the "ambiguous language" of the condition "indicates a probation officer, rather than the court, will decide implementation of this special condition."  He maintains that it "is an Article III constitutional violation for any entity other than a court to order and implement a special condition involving forced treatment."  Goyette contends that he was denied due process to challenge this special condition during sentencing.

This court has routinely addressed the validity of conditions of supervised release on direct appeal.  *See, e.g., United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002); *United States v. Paul*, 274 F.3d 155, 164-66 (5th Cir. 2001); *United States v. Mills*, 959 F.2d 516, 519 (1992) (evaluating a condition imposing an occupational restriction).  This court has also entertained challenges by those who are currently on supervised release.  *See Insaulgarat*, 289 F. App'x at 739-41.

Because Goyette is still serving his term of imprisonment and has not been subjected to the conditions of supervised release, any challenge to the conditions of supervised release is arguably premature. *See* BOP Inmate Locator (reflecting a projected release date of June 5, 2012).  "A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *United States v. Carmichael*, 343 F.3d 756, 761, 762 (5th Cir. 2003) (internal quotation marks and footnote omitted) (finding that whether defendants would be required to submit to DNA testing on supervised release was a "a matter of conjecture" and declining to consider challenge to condition of supervised release requiring collection of DNA sample).  The *Carmichael* court

distinguished cases that considered challenges to conditions of supervised release on direct appeal; in those cases, the challenged conditions were not contingent on future events. *Id.* at 762 n.25.

Whether Goyette will be subjected to the financial conditions of his supervised release, which he has arguably satisfied, and whether he will be required to undergo mental health treatment are at this point entirely speculative. Accordingly, we affirm the judgment of the district court without prejudice to Goyette's right to refile the motion after the commencement of his supervised release. **AFFIRMED**.