# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2012

No. 11-41070
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN CRAIG ZIMMERMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-232-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

John Craig Zimmerman, federal prisoner # 71281-179, entered a plea of nolo contendere in 2007 to enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, receiving child pornography, and possessing child pornography. He was sentenced to a total of 300 months of imprisonment and a life-term of supervised release.

Zimmerman appealed, challenging only the district court's denial of his motion to suppress evidence obtained from his work computer and his residence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Zimmerman*, 303 F. App'x 207, 209 (5th Cir. 2008).  He did not appeal his sentence or challenge the terms and conditions of his supervised release.  This court affirmed the district court's judgment.  *Id.* at 207-10.

Zimmerman, proceeding pro se, now appeals the denial of his motion to modify his term of supervised release and various special conditions of his supervised release pursuant to 18 U.S.C. § 3583(e).

Although Zimmerman did not object to the conditions of his supervised release at sentencing or challenge the conditions on direct appeal, we do not decide whether his claims should be reviewed for plain error because he is not entitled to relief even under the less deferential abuse of discretion standard.  *See United States v. Insaulgarat*, 289 F. App'x 738, 740-41 (5th Cir. 2008) (holding that the district court's denial of Insaulgarat's request for a modification did not constitute an abuse of discretion without deciding if a stricter standard applied).  A district court has authority to modify conditions of supervised release under § 3583(e)(2) "at any time prior to the expiration or termination of the term of supervised release," or to terminate a term of supervised release, after the expiration of one year of supervised release, under § 3583(e)(1).

Under the plain language of § 3583(e)(1), the district court had no authority to consider Zimmerman's challenge to the length of his supervised release term.  Zimmerman, who is scheduled to be released from prison on December 18, 2028, has not yet served one year of supervised release.  *See* § 3583(e)(1).

Further, Zimmerman cannot challenge the legality or constitutionality of the special conditions of his supervised release in a § 3583(e)(2) motion.  *See United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999).  Accordingly, he has failed to demonstrate that the district court erred in denying his claims insofar as he sought modification of conditions on constitutional grounds.

In addition to raising constitutional claims not cognizable in a § 3583(e) motion, Zimmerman contends that certain conditions are not reasonably related to the goals of deterrence or public safety and impose a greater deprivation of liberty than necessary.   Those factors can be considered by a court in determining whether to modify conditions of supervised release pursuant to § 3583(e)(2).

However, Zimmerman is still serving his term of imprisonment and has not been subjected to the conditions of supervised release.  Arguably, any challenge to the conditions is premature or unripe.  "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."  *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (internal quotation marks and citation omitted).  Thus, a claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Id.* (internal quotation marks and citation omitted).

Zimmerman's challenge to the special condition requiring polygraphs and psycho-physiological testing is speculative and rests "upon contingent future events that may not occur as anticipated." *See id.* (internal quotation marks and citation omitted).  Zimmerman is not prejudiced, however, from filing a motion to modify this condition after the commencement of his term of supervised release.

Further, although his challenge to the special condition prohibiting internet access also rests on contingencies that may not occur and may be effected by changing technology, Zimmerman has failed to show that the district court abused its discretion in denying his motion based on that challenge. Zimmerman used the internet to access child pornography, and the district court found that restricting access to the internet was "reasonably related both to the seriousness of his offense and to preventing him from committing that offense again." Zimmerman has shown no error with this finding.

No. 11-41070

Finally, even if Zimmerman's challenge to special conditions restricting him from having contact with or being in proximity to people under the age of 18 without obtaining written approval from a probation officer is not premature, this court has upheld, on direct appeal, challenges to similar restrictions on associations with minors, *see United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001), and Zimmerman has not demonstrated that the conditions imposed in his case warrant modification under § 3583(e)(2).

Accordingly, the judgment of the district court is AFFIRMED.