# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10549
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY RAY DOYLE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Billy Ray Doyle, federal prisoner # 45620-177, pleaded guilty to one count of attempted transfer of obscene material to a minor. The district court sentenced Doyle to 48 months of imprisonment and three years of supervised release, and he did not appeal. Doyle moves for leave to proceed in forma pauperis (IFP) from the district court's denial of his motion to modify conditions of supervised release pursuant to 18 U.S.C. § 3583(e) and also moves this court to modify certain conditions of his supervised release.

By moving to proceed IFP, Doyle is challenging the district court's certification decision that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's

good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).[1]

Even if Doyle's challenge to the special condition prohibiting him from possessing a computer or internet connection device without permission of the court were not premature, *see United States v. Carmichael*, 343 F.3d 756, 761–62 (5th Cir. 2003) (internal quotation marks and footnote omitted), he has failed to show that the district court abused its discretion in declining to modify the condition. The district court denied the motion to modify based on the nature and facts of the offense, and Doyle admitted in the district court that he posted an advertisement soliciting companionship on an internet site and that he emailed a photograph of his penis to a male who he thought was 15 years old. Doyle does not address the district court's reasoning or acknowledge the extensive role that the computer and internet played in his offense, nor does he acknowledge that the condition he opposes is one he can avoid with permission of the court, and therefore he has failed to show any reversible error with respect to this finding.

Doyle cannot demonstrate a nonfrivolous issue for appeal with respect to the district court's denial of his motion to modify conditions of supervised release. Accordingly, his motion for IFP is DENIED, and his appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

With respect to Doyle's motion to modify conditions of supervised release filed here, he must move for modification in the district court pursuant to

---

[1] Although Doyle did not object to the conditions of his supervised release at sentencing, we do not decide whether his claims should be reviewed for plain error because he is not entitled to relief even under the less deferential abuse of discretion standard. *See United States v. Insaulgarat*, 289 F. App'x 738, 740–41 (5th Cir. 2008). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 239–40 (5th Cir. 2005) (internal quotation marks and citation omitted).

No. 15-10549

pursuant to § 3583(e) and Federal Rule of Criminal Procedure 32.1(c). Accordingly, his motion to modify conditions of supervised release is also DENIED.