# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2021

Lyle W. Cayce
Clerk

No. 20-40006

———

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRAVIS HUNTER BLANK,

*Defendant—Appellant*.

———

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-67

———

Before OWEN, *Chief Judge*, and JOLLY and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Travis Hunter Blank, *pro se*, appeals from the district court's partial denial of his motion to modify the conditions of his supervised release. Specifically, he seeks modification of conditions that (1) limit his use of any device with a camera absent monitoring software, (2) prohibit him from viewing and possessing images of "sexually explicit conduct" in any form of

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

media or in any live venue, and (3) require him to submit to polygraph testing as part of the "physiological testing" of his sex offender treatment program. For the following reasons, we AFFIRM the district court.

## I. Background

In 2011, Blank was convicted by a jury of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), (b)(1), and possession of child pornography, in violation of § 2252(a)(4)(B), (b)(2).  The district court sentenced him to a total term of 121 months of imprisonment and a life term of supervised release.  Relevant here, the following special conditions of supervised release were imposed:  (1) Blank was required to "participate in a sex offender treatment program which may include the application of physiological testing instruments"; (2) Blank was prohibited from viewing or possessing "any images in any form of media or in any live venue that depicts sexually explicit conduct," as defined under 18 U.S.C. § 2256(2)(A), and "not limited to the sexual exploitation of children"; and (3) Blank was prohibited from purchasing, possessing, having contact with, or using devices, including "cellular telephones with photographic capability" and "digital cameras; digital recorders; or any other type of recording and/or photographic equipment."  Blank did not object to these supervised release conditions.

This court affirmed his conviction and sentence. *See United States v. Blank*, 701 F.3d 1084 (5th Cir. 2012).  Blank did not challenge any of his supervised release conditions in that previous appeal.  On or about July 11, 2019, following his term of imprisonment, Blank commenced his term of supervised release.  He subsequently filed a motion to modify the terms of his supervised release pursuant to 18 U.S.C. § 3583(e)(2), which he amended twice.  In his second amended motion, Blank, as relevant here, challenged the conditions (1) preventing him from purchasing, possessing, and using a

camera ("camera condition"); (2) preventing him from viewing or possessing images of sexually explicit conduct ("explicit content condition"); and (3) requiring him to submit to polygraph testing as part of the "physiological testing" of his sex offender treatment program ("polygraph condition").

The district court granted in part and denied in part Blank's motion. It granted in part and modified the camera condition to remove the total ban on camera use while also limiting Blank's "access to a camera or [his] utilizing a device with a camera attached unless there is monitoring software installed in order to monitor how the camera is being used." The court denied the motion with regard to the explicit content condition and the polygraph condition, stating that the two conditions "are standard conditions imposed by the Court in sex offender cases and such conditions are justified and necessary and will remain in effect." Blank appealed.

## II. Applicable Law

At the outset, we note an ambiguity in this court's caselaw as to the appropriate standard of review—abuse of discretion or plain error—where, as here, a defendant did not raise an objection to the supervised release conditions at his original sentencing. *See United States v. Doyle*, 865 F.3d 214, 214–15 & n.1 (5th Cir. 2017); *United States v. Insaulgarat*, 289 F. App'x 738, 740 (5th Cir. 2008). However, we need not resolve this ambiguity because Blank's challenges fail even under the less deferential abuse-of-discretion standard. *See Insaulgarat*, 289 F. App'x at 740. "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* at 740–41 (quoting *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005)).

A district court retains jurisdiction to modify conditions of supervised release, *see* 18 U.S.C. § 3583(e)(2), and has "wide discretion in imposing

No. 20-40006

terms and conditions of supervised release" so long as "the conditions meet certain criteria." *See United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). Under 18 U.S.C. § 3583(d), a district court has the discretion to order "any other condition it considers to be appropriate," if the condition is "reasonably related" to certain sentencing factors.

> These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct," (3) the need "to protect the public from further crimes of the defendant," and (4) the need "to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner."

*Paul*, 274 F.3d at 165 (quoting 18 U.S.C. § 3553(a)(1)-(2)) (alteration in original). "In addition, supervised release conditions cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals." *Id.* (citing § 3583(d)). Finally, supervised release conditions must also be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d).

### III. Discussion

We consider Blank's contentions as to each of the three supervised release conditions in turn.

### A.

First, Blank contends that the camera condition, even as modified, is not reasonably related to the permissible sentencing factors in § 3553(a) because there was no evidence at trial or factual findings made by the district court at sentencing that he used a camera in relation to his offense. As noted above, Blank failed to object to the camera condition at his original sentencing and did not challenge it in his first appeal.

The Government compares the camera condition to the limitation on Blank's computer usage. The Sentencing Guidelines generally recommend limiting the computer usage of a sex offender such as Blank where the defendant used the computer in connection with his offense. *See* U.S.S.G. § 5D1.3(d)(7)(B). Pursuant to this provision, the district court authorized Blank to access the Internet only if monitoring software is installed on his computer (or any other Internet-enabled device). The Government asserts that the camera condition, which also mandates the use of monitoring software, is likewise related to Blank's personal history, characteristics, and offense because the images and videos he possessed were necessarily created using a camera or other device, even if Blank is correct that the record does not show that he personally used a camera in relation to his offense.

We conclude that the camera condition is reasonably related to the permissible statutory goal of deterring criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B), as well as Blank's personal history and characteristics, *see id.* § 3553(a)(1). Given the state of technology, a camera—much like a computer—can just as readily be used as a device for transporting, possessing, and viewing images as for creating images. Blank was convicted of possessing 24 images of child pornography, though the record establishes that he possessed and viewed potentially thousands of still images and videos of child pornography over a period of many years. *See Blank*, 701 F.3d at 1088, 1091–92. Therefore, the camera condition is reasonably related to his offense and personal history of transporting and possessing child pornography, as well as the need to deter future criminal conduct, notwithstanding Blank's lack of documented history of personally creating such images with a camera.

Further, the camera condition as appropriately modified by the district court "involves no greater deprivation of liberty than is reasonably necessary," *see* 18 U.S.C. § 3583(d)(2), because Blank is no longer

No. 20-40006

completely barred from using a camera or camera-enabled device; indeed, he is allowed to use a camera provided that monitoring software is installed. Thus, the district court's partial modification of the camera condition was not an abuse of discretion.

**B.**

Second, Blank contends that the district court abused its discretion by not modifying the explicit content condition because it is not reasonably related to a permissible sentencing factor, violates his First Amendment rights because it is overbroad, and violates his due process rights because it is vague. Blank asserts in his opening brief that it would be a "direct violation" of the condition if he were "watching regular TV" and saw "a show that contains someone naked from behind" or "[a] couple having sex but under the sheets and no nudity being shown." The Government responds that the condition should be given a "commonsense understanding" and as such does not apply to R-rated movies and the viewing of art depicting nudity. In his reply brief, however, Blank alleges that "the probation department and therapy" informed him that the condition prohibited him from viewing "any nudity" including "through the viewing of art."

Supervised release conditions restricting First Amendment rights are permissible if the conditions satisfy the statutory requirements of 18 U.S.C. § 3583(d). *See Paul*, 274 F.3d at 169. Our court has held that when a defendant is convicted of a crime that is "sexual in nature"—like possession of child pornography—it is "reasonable for the district court to restrict [the defendant's] access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation." *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013); *see also United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011).

Blank argues that the condition is improper because there is no evidence that he has "an addiction to pornography" or "sexually stimulating material." We conclude that the condition is reasonably related to his offense of possessing child pornography; his history of possessing and viewing pornography; and the need for the sentence imposed to deter future criminal conduct and provide for rehabilitation. *See Ellis*, 720 F.3d at 227. As to the need for rehabilitation, Blank is also required to participate in a "sex offender treatment program" as a condition of supervised release.

Nor is the condition overbroad, in violation of either § 3583(d)(2) or Blank's First Amendment rights, nor is it void for vagueness. Supervised release conditions must be described in terms that "give ordinary people fair notice," but need not "describe every possible permutation" or "spell out every last, self-evident detail." *United States v. Abatte*, 970 F.3d 601, 604 (5th Cir. 2020) (citations omitted). "Categorical terms are inevitable and can provide adequate notice so long as there exists a commonsense understanding of what activities the categories encompass." *Id.*

In this case, the written judgment expressly states that "for purpose of this special condition . . . 'sexually explicit conduct' is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children." Section 2256(2)(A), in turn, includes a detailed definition of various acts and portrayals that provides the ordinary reader with a "commonsense understanding" that "sexually explicit conduct" as a category encompasses pornographic content, but not art in museums, shows on broadcast television, or even R-rated movies that include brief nudity. *See United States v. Brigham*, 569 F.3d 220, 232–33 (5th Cir. 2009) (holding that a similar condition prohibiting "pornographic, sexually oriented or sexually stimulating materials" was not vague or overbroad and describing the definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2)(A) as providing "practical insight into the meaning of these terms").

Mindful that Blank is *pro se* and in response to his assertion (albeit made without factual support) that the Probation Office interprets the condition to apply to "any" nudity or "any" depiction of sexuality whatsoever contained even in broadcast television shows, non-pornographic movies, or the type of art that is displayed in museums, we clarify that the condition by its own terms only covers "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2)(A) and shall be enforced as such. Indeed, we think this understanding accords with the district court's in imposing the condition. Therefore, the district court did not abuse its discretion in refusing to modify the condition.

## C.

Third, Blank contends that the district court abused its discretion by failing to modify the condition requiring him to undergo polygraph testing as part of his sex offender treatment. He argues that the condition violates his right against self-incrimination; that the provision unfairly targets sex offenders; and that the condition is not recommended by the Sentencing Commission.[1]

Blank's challenge fails. That polygraph testing is not specifically recommended by the Sentencing Commission does not render the condition invalid because the district court has the discretion to impose conditions of supervised release even where the Guidelines do not recommend them, *see United States v. Windless*, 719 F.3d 415, 421 (5th Cir. 2013), including a mandatory polygraph testing condition, *see Sealed Appellee v. Sealed*

---

[1] Blank also asserts that he was "never informed" of the polygraph testing condition either at sentencing or in his written judgment, which refers to "physiological testing." We do not address this argument, however, because in this appeal we are only reviewing the district court's partial denial of Blank's motion to modify his supervised release conditions, not their original imposition.

*Appellant*, 937 F.3d 392, 405 (5th Cir. 2019). Further, we have previously held that such a requirement does not violate the right against self-incrimination. *See United States v. Locke*, 482 F.3d 764, 767 (5th Cir. 2007).

The polygraph condition is also reasonably related to Blank's offense of conviction, his history and characteristics, the need to deter criminal conduct, and the need for rehabilitation. *See* § 3553(a)(1), (a)(2)(B), (a)(2)(D). Blank has a history of not being truthful about his possession of child pornography, *see Blank*, 701 F.3d at 1091–92 & n.9 (noting that Blank's defense at trial—that when he initially confessed to possessing child pornography, he was lying in order to protect from deportation an English teenager who lived with his family and was responsible for the child pornography on his computer—was belied by significant evidence to the contrary), and he admits in his appellate brief that "images [of child pornography] were deleted [from his computer] and not readily accessible and required a forensic specialist to retrieve."

Perhaps more importantly, the polygraph condition is a component of the condition requiring Blank to participate in a sex offender treatment program, and is therefore related to the need for rehabilitation. *See* § 3553(a)(2)(D). Accordingly, we interpret the polygraph condition to be limited by the legitimate needs of sex offender treatment—not a license to interrogate for unrelated purposes. The district court's refusal to modify the polygraph condition was not an abuse of discretion.

\*     \*     \*

For the foregoing reasons, we AFFIRM the district court because its decision to grant in part and deny in part Blank's motion to modify his supervised release conditions was reasonably related to the relevant sentencing factors and was not based on a clearly erroneous assessment of the evidence, and therefore was not an abuse of discretion.