# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10552

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Stuart McDaniel,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CR-43-1

———————————————————

Before Graves, Higginson, and Douglas, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:[*]

Andrew McDaniel pleaded guilty in 2011 to one count of possessing child pornography. He was sentenced to 97 months imprisonment followed by a 10-year term of supervised release. After his release, McDaniel filed a motion under 18 U.S.C. § 3583(e)(2) to modify his original conditions of supervised release. The district court denied the motion without a hearing.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10552

McDaniel appeals and we have jurisdiction under 28 U.S.C. § 1291.[1] We AFFIRM.

## I.

McDaniel first argues that the district court erred by refusing to hold a hearing on his § 3583(e)(2) motion. But McDaniel forfeited this argument by raising it too late. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (explaining that "[a] party forfeits an argument by failing to raise it in the first instance in the district court"); *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017) ("Failure to raise a claim to the district court constitutes a forfeiture . . . of that right for the purposes of appeal." (internal quotation marks and citation omitted)).

Below, McDaniel did not argue that the district court was required to hold a hearing, nor did he request a hearing prior to the court's denial of his motion. Instead, his motion to modify explained that "a court may modify the conditions of supervised release without a hearing" and further certified that McDaniel "conferred with [the Government] and the Government waives a hearing on these modifications." McDaniel's later motion requesting findings of fact and conclusions of law under Federal Rule of Criminal Procedure 23(c) was filed after the district court's order denying his motion to modify and after McDaniel filed his notice of appeal to the Fifth Circuit. We therefore reject this argument as a ground to disturb the district court's judgment.

---

[1] We pretermit the nonjurisdictional questions whether McDaniel's notice of appeal was untimely and whether his appeal is barred by an appeal-waiver provision. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007) (explaining that the time limit for filing a criminal appeal is not jurisdictional and can be waived); *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006) (noting that appeal waivers do not deprive our court of jurisdiction).

No. 22-10552

## II.

McDaniel next challenges the district court's denial of his motion to modify a special condition of supervised release that prohibits him from having unsupervised contact with persons under the age of eighteen. Specifically, McDaniel seeks to have unsupervised visitation with his underage daughter. Generally, our court reviews rulings on motions to modify conditions of supervised release for abuse of discretion. *See United States v. Doyle*, 865 F.3d 214, 214-15, 214 n.1 (5th Cir. 2017).[2] "A court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021) (cleaned up).

The district court did not abuse its discretion by denying McDaniel's motion to modify this condition. His crime of conviction involved a violent pornographic video of a child his daughter's age, and within the past five years, McDaniel's former sex-offender therapist reported that he "is a serious risk to offend again and . . . is preoccupied with 11 and 12-year-old girls." McDaniel strenuously denies his former therapist's report and provides polygraph results that support his rehabilitation. But it was not an abuse of discretion for the district court, when faced with countervailing evidence, to deny McDaniel's motion to modify. *See Mid-Continent Cas. Co. v. Davis*, 683 F.3d 651, 654 (5th Cir. 2012) ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (citation omitted)); *GIC Servs., L.L.C., v. Freightplus USA, Inc.*, 866 F.3d 649, 660 (5th Cir. 2017) ("The existence of

---

[2] Although McDaniel failed to object to his supervised release conditions at sentencing, we need not resolve whether his claims should be reviewed for plain error because he is not entitled to relief even under the abuse-of-discretion standard. *See Doyle*, 865 F.3d at 214 n.1.

No. 22-10552

conflicting evidence is precisely the context in which we defer to the district court's factual findings."). We note, moreover, that McDaniel's conditions permit *supervised* visitation, and he is free to request a modification of this condition again if he can demonstrate a change of circumstances, particularly with respect to the state family court's oversight of his relationship with his daughter.

## III.

McDaniel also requests permission to use a bow and arrow to hunt on his family farm. He makes two distinct arguments.

First, he argues that his conditions of supervised release *permit* him to use a bow and arrow to hunt on his family farm. He claims the condition in question, which proscribes his possession of "a firearm, destructive device or any other dangerous weapon," does not encompass a bow and arrow used for hunting purposes. But McDaniel did not raise this argument before the district court. He has therefore forfeited the argument on appeal. *Rollins*, 8 F.4th at 397; *Zuniga*, 860 F.3d at 284 n.9.[3]

Second, McDaniel argues that, assuming his conditions of supervised release prohibit his use of a bow and arrow, the district court abused its discretion by denying his motion to modify because he has exhibited no violent behavior that could justify such a restriction. But McDaniel's crime of conviction involved video of violent "sadistic and masochistic abuse" of a child. Moreover, McDaniel's parole officer recommended denying his motion for modification because "McDaniel has demonstrated aggressive behaviors, including being charged with stalking his ex-wife" and aggressive behaviors toward his former therapist. His former therapist also stated that

---

[3] Again, McDaniel did not object to the dangerous weapon condition as vague or ill-defined at sentencing. Nor did he do so on direct appeal.

McDaniel "has a pathological obsession with his ex-wife and can turn in a heartbeat."

Once again, McDaniel strenuously contests his parole officer's and former therapist's claims and alleges countervailing evidence. McDaniel reports that his current therapist, for example, claims that the stalking charge, which was dropped, was "not valid" and "not legitimate." Even still, it is not an abuse of discretion for the district court, when faced with countervailing evidence, to deny McDaniel's motion to modify. *See Mid-Continent Cas. Co.*, 683 F.3d at 654; *GIC Servs., L.L.C.*, 866 F.3d at 660.

AFFIRMED.