# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2010

Lyle W. Cayce
Clerk

No. 09-10822
c/w No. 09-10824
Summary Calendar

———————

ERIC MARTIN MATTHEWS,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

———————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1024
USDC No. 3:09-CV-981

———————

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eric Martin Matthews, federal prisoner # 75804-004, was convicted in the Southern District of Florida of using a computer to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and distributing child pornography in violation of § 2252(a)(2) and sentenced to a 262-month term of imprisonment and a life-term of supervised release. Matthews filed two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitions in the district court in the Northern District of Texas under 28 U.S.C. § 2241, challenging his life-term of supervised release and certain conditions of supervised release. The district court dismissed the petitions for lack of jurisdiction. Matthews moves this court for leave to proceed in forma pauperis (IFP) on appeal. He challenges the district court's denial of IFP status and certification that his appeals would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). Matthews's motion for a default judgment is DENIED.

A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal presents a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A district court may, by providing written reasons certifying that the appeal is not taken in good faith, deny a motion for leave to appeal IFP. *Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a). The appellant may challenge the district court's certification decision by filing an IFP motion in this court. *Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

To the extent that Matthews argues that the district court should not have dismissed his petitions sua sponte, federal courts have the obligation to examine sua sponte the basis of their jurisdiction. *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988). To the extent that Matthews suggests that his petitions should have been construed as motions to modify his conditions of release under 18 U.S.C. § 3583(e)(2), a district court lacks jurisdiction under § 3583(e)(2) to modify conditions of supervised release on grounds of illegality. *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999) (order of restitution).

As the district court observed, Matthews's § 2241 petitions challenged the supervised release component of his federal sentence. A § 2241 petition that "attacks errors that occur at trial or sentencing is properly construed under § 2255." *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000); *see also Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir. 2003). Matthews must meet

the requirements of the savings clause of § 2255(e) to raise his claims under § 2241. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000); *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); § 2255(e). Matthews bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452. Relief under § 2255 is not "inadequate or ineffective" for purposes of the savings clause merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. As Matthews has not met the requirements of the savings clause, the district court did not err in concluding that Matthews could not bring his claims under § 2241. *See Pack*, 218 F.3d at 453.

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. The district court correctly noted that jurisdiction over a § 2255 motion lies in the district where the movant's sentence was imposed. *See id.* at 451 ("A section 2255 motion must be filed in the sentencing court."); *see also Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Matthews was sentenced in the Southern District of Florida. Therefore, the district court lacked jurisdiction to construe Matthews's petitions as arising under § 2255. *See Ojo*, 106 F.3d at 683.

Matthews has not shown that his appeals present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is denied, and his appeals are dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTION TO PROCEED IFP DENIED; MOTION FOR A DEFAULT JUDGMENT DENIED; APPEAL DISMISSED.