# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60105

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2016

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

AARON GRANT WILLIS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CR-20-1

Before REAVLEY, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Aaron Grant Willis pleaded guilty to abusive sexual contact of a minor and was sentenced to 18 months of imprisonment and ten years of supervised release. On appeal, he challenges the district court's denial of his motions to appoint new counsel and to withdraw the guilty plea. Additionally, he contests two special conditions of his supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60105

Willis's claim that he should have been appointed new counsel is not based on the Sixth Amendment.  Accordingly, our review is for abuse of discretion. *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013).  Willis has a constitutional right to counsel, but no right to choose his appointed counsel. *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007).  "The court is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant—a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which led to an apparently unjust verdict." *Mitchell*, 709 F.3d at 441–42 (internal quotations omitted).

Willis supported his request for new counsel with a handwritten letter that simply does not bespeak substantial conflict and instead represents an attempt to choose new counsel based on vague claims of dissatisfaction. Further, various assertions made in the letter conflict with the sworn testimony Willis had previously given.  Nevertheless, the district court spoke with Willis directly to further flesh out the basis for his request.  Despite these opportunities, Willis failed to demonstrate any substantial conflict necessitating the appointment of new counsel.  Indeed, his specific complaints were unwarranted. The district court did not abuse its discretion in denying the motion for appointment of new counsel.

Willis's arguments that he should have been permitted to withdraw his guilty plea were built upon his argument that he was entitled to new counsel. That is, Willis contends that the district court failed to fairly consider the motion to withdraw the guilty plea because it was brought and argued by the attorney with whom Willis was dissatisfied.  Given our ruling that Willis was not entitled to new counsel, the argument fails.  Further, the record establishes that the district court properly considered the relevant factors and did not

abuse its discretion in denying Willis's request to withdraw his guilty plea. *See United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

We next consider the special conditions imposed by the district court. The first challenged special condition requires that "[a]t the direction of" his probation officer, Willis "shall submit to a polygraph examination(s), by a license[d] polygraph examiner, as approved by the U.S. Probation Officer, and shall burden the cost of the examination." According to Willis, this special condition violates his Fifth Amendment rights against self-incrimination.

We have previously rejected an "as applied" challenge to a similar special conditions where the probationer lied during his polygraph examination and therefore had his probation revoked. *See United States v. Locke*, 482 F.3d 764, 766 (5th Cir. 2007) ("Locke did not challenge the conditions of probation when imposed, only upon revocation. As such, we view Locke's arguments as challenges to the constitutionality of certain conditions of his probation as applied to him in the revocation."). We now hold that requiring probationers to undergo polygraph examinations as a condition of their supervised release does not violate the Fifth Amendment. *Locke* and *Minnesota v. Murphy*, 465 U.S. 420, 104 S. Ct. 1136 (1984), control.

The obligation to undergo a polygraph test—and to answer questions truthfully—does not displace the constitutional right against self-incrimination. If, in the course of a polygraph test, Willis is asked questions posing "a realistic threat of self-incrimination," he may assert the Fifth Amendment and refuse to answer. *Murphy*, 465 U.S. at 427–29, 104 S. Ct. at 1142–43. If, however, Willis is asked questions simply pertaining to whether he has violated the terms of his probation, the Fifth Amendment is not implicated. *Locke*, 482 F.3d at 767. "A probationer may only invoke the Fifth Amendment privilege if a truthful answer would incriminate the probationer by exposing him to prosecution for a different crime." *Id.* Finally, a Fifth

Amendment-based refusal to answer questions may not be treated as a violation of his probation conditions. *Murphy*, 465 U.S. at 435, 104 S. Ct. at 1146; *Locke*, 482 F.3d at 767.

At bottom, our inquiry is whether Willis's "probation conditions merely required him to appear and give testimony about matters relevant to his probationary status or whether they went farther and required him to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent." *Murphy*, 465 U.S. at 436, 104 S. Ct. at 1147. On its face, the special condition does "not attempt to take the extra, impermissible step" and, therefore, does not violate the Fifth Amendment. *See id.* Willis remains free to assert the Fifth Amendment should ever the need arise.

Lastly, while all parties agree that the district court rightly imposed a special condition calling for Willis to receive mental health treatment, Willis objects to the requirement that he sign a confidentiality waiver permitting his probation officer to access related health records. His argument that the confidentiality waiver "directly conflicts" with the fourth 18 U.S.C. § 3553 factor is foreclosed by *United States v. Tang*, 718 F.3d 476, 486 (5th Cir. 2013). His alternative argument, that the waiver of confidentiality somehow violates the Fifth Amendment's protections against self-incrimination, is meritless. Willis retains his Fifth Amendment right against self-incrimination and is not required to give self-incriminating statements. Further, the Fifth Amendment imposes limits on how statements made to a psychotherapist may be used in court. *See Estelle v. Smith*, 451 U.S. 454, 463, 101 S. Ct. 1866, 1873 (1981). If ever those limits are transgressed, Willis will have a constitutional claim. For the moment, his fears are speculative.

AFFIRMED.