# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2023

Lyle W. Cayce
Clerk

No. 22-30383

United States of America,

*Plaintiff—Appellee,*

*versus*

Larry Caillier II,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-76-01

---

Before King, Smith, and Elrod, *Circuit Judges.*

Jennifer Walker Elrod, *Circuit Judge*:

After pleading guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Larry Caillier II was sentenced to a 168–month term of imprisonment followed by a 15–year term of supervised release. During Caillier's term of supervised release, the district court modified a number of the special conditions imposed. Caillier appeals, challenging the district court's jurisdiction to modify his supervised release conditions, and contesting the substantive reasonableness of the conditions imposed. Because the district court has jurisdiction under 18 U.S.C. § 3583(e)(2) to modify conditions of supervised release, and because the

No. 22-30383

district court did not abuse its discretion in fashioning these conditions, we affirm.

I

Caillier was released from prison on February 25, 2022, and began serving his fifteen-year period of supervised release. Caillier's original conditions of supervised release included two special conditions: (1) Caillier was required to participate in a sex offender treatment program; and (2) Caillier was prohibited from having "access to a computer, or an interactive computer service as directed by the United States Probation Office." Two months into Caillier's term of supervised release, the United States Probation Office petitioned the district court to modify his release conditions as follows: (1) that Caillier participate in a sex offender treatment program; (2) that he "not have Internet access on his personal computer, PDA, or any other device, without the approval of the U.S. Probation Office" and "[i]f internet access is granted, [Caillier] shall comply with the requirements of the Computer Monitoring Program"; (3) that he submit to polygraph testing as part of his therapeutic program; (4) that he not view or possess any materials depicting or describing sexually explicit conduct or child pornography; and (5) that he refrain from associating with any minor unless the minor's guardian is present, except for incidental contact in normal commercial life.

The Probation Office petitioned for these modifications without alleging that Caillier had violated the terms of his supervised release. The district court held a hearing in which Caillier was represented by counsel and heard Caillier's objections regarding the modified conditions. The district court ultimately granted the Probation Office's petition over Caillier's objections, and modified Caillier's terms of supervised release to include all of the new conditions. Caillier appeals, arguing that: (1) the district court did

not have jurisdiction to impose new supervised release conditions, and (2) the new conditions of supervised release are substantively unreasonable.

## II

Caillier contends that the district court lacked jurisdiction to modify his conditions of supervised release because the change in circumstance that precipitated the modification was a ruling that one of his conditions was unconstitutional. Caillier's argument makes two assumptions. First, that a modification of supervised release conditions cannot be based on the illegality of one of those conditions. Second, that the district court only has authority to modify conditions of supervised release if there is a change in circumstance.

## A

Caillier's first assumption—that district courts lack jurisdiction to modify conditions based solely on the grounds that the conditions are illegal—is correct.

District courts have jurisdiction to modify supervised release conditions only for statutorily enumerated reasons, such as to ensure deterrence or protect the public. 18 U.S.C. § 3583(e). Those reasons—a subset of the factors considered during initial sentencing under § 3553(a)— do not include a change in law holding one of the conditions illegal. *See id.* §§ 3553(a), 3583(e).

We have held, in the context of a restitution order, that a district court does not have jurisdiction to modify conditions of supervised release on the grounds that those conditions were determined to be unlawful. *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999). We have previously relied on *Hatten* to reject challenges to the legality of a condition of supervised release brought under § 3583(e)(2). *See, e.g., United States v. Zimmerman*, 481 F.

App'x 199, 201 (5th Cir. 2012) ("Zimmerman cannot challenge the legality or constitutionality of the special conditions of his supervised release in a § 3583(e)(2) motion."); *Matthews v. United States*, 378 F. App'x 451, 452 (5th Cir. 2010) ("[A] district court lacks jurisdiction under § 3583(e)(2) to modify conditions of supervised release on grounds of illegality.").

However, this case is unique in that it is the government, not Caillier, that is allegedly using the § 3583(e)(2) motion as a vehicle to challenge an allegedly unlawful condition.

We now clarify that a district court cannot modify an unlawful condition under § 3583(e)(2) if the illegality of that condition is the basis for modification, regardless of whether it was the defendant or government who brought the motion challenging the conditions. *See Hatten*, 167 F.3d at 886 (concluding that § 3585(e)(2) does not provide a jurisdictional basis for modifying conditions on the grounds that the conditions were illegal, where both the defendant and the government had sought modification of those conditions). In the case at hand, however, Caillier's appeal fails because the government did not move for modification solely on the basis of illegality, and the district court did not premise its ruling on the illegality of the special condition.

According to Caillier, the Probation Office moved for modification of the supervised release conditions because one of Caillier's original special conditions, the condition that barred him from all access to a computer, was ruled unconstitutional. *See Packingham v. North Carolina*, 582 U.S. 98, 108 (2017). However, the Probation Office's petition before the district court contains a multitude of reasons for the modification. The Probation Office stated that it sought modification of the terms of Caillier's supervised release to "allow the defendant to be granted monitored internet access, to bring the conditions into conformity with current national and local U.S. Probation

Office policies, . . . to assist the U.S. Probation Office to better monitor the defendant, and to reduce potential risk to the community." These stated reasons are not only in line with the § 3553(a) factors, they also show that this petition was not brought solely on the basis of the illegality of a condition.

Further, the district court did not base its ruling on the alleged illegality. Rather, at the hearing on the petition the district court focused on protecting the public. In making a modification determination the court is required to consider "general punishment issues such as deterrence and public safety[,]" and these deterrence and community safety issues were discussed throughout Caillier's hearing. *Hatten*, 167 F.3d at 886.

Therefore, the district court in this case had jurisdiction because its ruling was based on public safety and general deterrence.

B

Caillier contends that even if the district court's ruling was not based on the illegality of a condition, the district court still lacked authority to modify his conditions of supervised release because there was not a "change in circumstance" that precipitated the modification nor was there a "compelling cause" for the modification.

We have found no cases, and Caillier does not cite any, requiring a "change in circumstance" or "compelling cause" to modify a condition of supervised release. This argument is meritless given the language of § 3583(e)(2) allowing for modification of supervised release "at any time" prior to its expiration or termination. We also note that the Second, Seventh, Eighth, Ninth, and Tenth Circuits have all specifically held that a district court can modify a defendant's conditions of supervised release pursuant to § 3583(e)(2) even without a showing of changed circumstances. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016); *United States v. Evans*, 727 F.3d 730, 732 (7th Cir. 2013); *United States v. Davies*, 380 F.3d 329, 332 (8th

Cir. 2004); *United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014); *United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011). The district court thus had jurisdiction to modify Caillier's supervised release conditions. Accordingly, changed circumstances are not a jurisdictional requirement for modification of a condition of supervised release.

## III

Caillier also challenges the substantive reasonableness of the modified supervised release conditions. When preserved, substantive reasonableness challenges to conditions of supervised release are reviewed for abuse of discretion. *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013). Unpreserved challenges to special conditions are reviewed for plain error. *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009). We have previously noted an ambiguity in our caselaw as to the appropriate standard of review where a defendant moves for modification of his supervised release conditions under § 3583(e)(2) without having first objected to the imposition of the original conditions. *United States v. Doyle*, 865 F.3d 214, 214 n.1 (5th Cir. 2017); *United States v. Blank*, 854 F. App'x. 559, 561 (5th Cir. 2021). This case is distinguishable because the government, not Caillier, moved to modify the conditions. Therefore, there is no concern that Caillier is raising arguments in a § 3583(e)(2) motion that should have been argued at the original sentencing. However, we need not resolve any potential ambiguity because even under the less deferential abuse of discretion standard Caillier's challenges fail. "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 239-40 (5th Cir. 2005) (internal quotation marks omitted).

"A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Winding*, 817 F.3d 910, 914 (5th Cir.

2016).  The modifications need only be "reasonably related" to one of four factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; and (4) the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. §§ 3583(d)(1), 3553(a)(1) and (2)(B)-(D); *United States v. Weatherton*, 567 F.3d 149, 153 & n.1 (5th Cir. 2009) (explaining that a condition of supervised release must be reasonably related to one, but not all, of the four factors).  In addition, a supervised release condition should not involve "a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals."  *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001); *see also* 18 U.S.C. § 3583(d)(2).

Caillier focuses his briefing on the second special condition, which concerns restricting and monitoring Caillier's internet usage.  Caillier asserts that this restriction on his internet use is not reasonably related to any § 3553(a) factors because internet usage was not "in any way" involved in his offense of conviction.  We disagree.  Given that Caillier used his cell phone to exchange sexually explicit pictures with a minor, the district court had a reasonable basis to conclude that monitoring Caillier's internet-capable electronic device would protect the public.  *See United States v. Sanchez*, 842 F. App'x 885, 894 (5th Cir. 2021) (upholding an internet-monitoring condition even where the defendant's offense conduct did not involve the internet, text messaging, or even electronic devices, stressing that "we give great deference to the district court, which is most familiar with the details of the defendant's offense, history, and other relevant circumstances").

Caillier further contends that this condition involving a restriction on his internet access posed a greater deprivation of his liberty than was

reasonably necessary under § 3583(d)(2). Again, we disagree given that the restriction here was limited in both scope and duration.

Limiting the duration of a broad internet restriction is one way that a court can narrowly tailor such a prohibition. This Court has upheld even absolute internet bans, so long as the ban was limited in duration. *E.g.*, *United States v. Paul*, 274 F.3d 155, 157-58 (5th Cir. 2001) (affirming absolute ban on internet and computer access for a period of three years); *United States v. Rath*, 614 F. App'x 188, 194 (5th Cir. 2015) (affirming an absolute five-year ban on internet access). The restriction in this case lasts longer (fifteen years) than the absolute bans that this court has previously upheld, but that is not dispositive, as the restriction here was not absolute—it was limited in scope.

The restriction at hand was not an absolute ban, its scope was limited in that it allowed internet usage with the prior approval of the Probation Office, and subject to the Probation Office's continued monitoring. Therefore, it did not "effectively preclude [Caillier] from meaningfully participating in modern society." *United States v. Duke*, 788 F.3d 392, 400 (5th Cir. 2015).

This Court has routinely upheld similar restrictions on internet and computer usage in cases involving child pornography, as we see no reason that the condition in Caillier's case should be treated differently. *See United States v. Miller*, 665 F.3d 114, 126 (5th Cir. 2011) (affirming twenty-five-year ban on computer use absent probation office's approval); *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013) (upholding prohibition on owning or using a computer without prior approval of the court); *United States v. Halverson*, 897 F.3d 645, 657 (5th Cir. 2018) (affirming a lifetime ban on internet access absent advance approval from the probation office).

Caillier's arguments regarding the remaining supervised release conditions are meritless. Caillier does not dispute the reasonableness of the

third condition; rather, he asserts that this polygraph testing would involve "forced speech" and violate his Fifth Amendment rights against self-incrimination. This court has rejected that argument. *See United States v. Willis*, 651 F. App'x 291, 294 (5th Cir. 2021) ("We now hold that requiring probationers to undergo polygraph examinations as a condition of their supervised release does not violate the Fifth Amendment."); *United States v. Locke*, 482 F.3d 764, 767 (5th Cir. 2007) (rejecting challenge to a similar special condition and concluding that "[t]he fact that the questions were asked [to defendant] in the context of a polygraph test does not convert the question-and-answer session into a Fifth Amendment violation"); *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 404-05 (5th Cir. 2019) (affirming condition that required polygraph testing, and noting that a court is not prohibited from including mandatory participating in polygraph testing "by the mere fact that polygraph testing is not mentioned [in the Sentencing Guidelines]").

Caillier's fourth condition, which prohibits him from viewing or possessing "sexually explicit material," is not unreasonable and does not violate the First Amendment. *See United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013) ("Because [defendant's] crime was sexual in nature it was reasonable for the district court to restrict [the defendant's] access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation."); *see also United States v. Chapman*, 796 F. App'x 229, 231 (5th Cir. 2020) (affirming a condition that prohibited the possession of adult pornography, noting that the prohibition played an important role in the defendant's sex offender treatment program).

Finally, Caillier's fifth condition, which prohibits him from associating with minors unless a parent or guardian is present, is reasonably related to the § 3553(a) factors. This circuit has previously affirmed bans on contact with children. *See, e.g.*, *United States v. Rodriguez*, 558 F.3d 408,

417-18 (5th Cir. 2009) (affirming a three-year prohibition on unsupervised contact with children including the defendant's own daughter); *United States v. Ellis*, 720 F.3d 220, 225-26 (5th Cir. 2013) (upholding lifetime ban on unsupervised contact with children, unless permission is granted by the probation officer); *United States v. Paul*, 274 F.3d 155, 165-67 (5th Cir. 2001) (upholding condition requiring defendant to avoid direct and indirect contact with minors). The district court specified that this condition did not prohibit Caillier's incidental contact with minors in a commercial setting, but rather applied only to non-commercial settings. The district court concluded that this condition was justified in order to limit Caillier's access to his girlfriend's minor children, given that his past conduct involved abusing a position of trust (as a high school teacher), and he would be in a similar situation with his girlfriend's children.

Caillier's modified supervised release conditions are all reasonably related to the § 3553(a) factors. The district court did not abuse its discretion in imposing any of the modified supervised release conditions. Accordingly, the judgment of the district court is AFFIRMED.