# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 31, 2024

Lyle W. Cayce
Clerk

No. 23-11180

United States of America,

*Plaintiff—Appellee*,

*versus*

John Gabriel Trevino,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-31-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

I

As a 32-year-old man, John Gabriel Trevino engaged in a sexual relationship with a 14-year-old child. After someone discovered pornographic images of her on his phone, he was charged with one count of production of child pornography, one count of enticement of a minor, and one count of possession of child pornography. *See* 18 U.S.C. §§ 2251(a); 2422(b); 2252A(a)(5)(b). Trevino pled guilty to one count of production of child

pornography and received a sentence of 235 months in prison to be followed by 25 years of supervised release.

At Trevino's sentencing hearing, the district court pronounced his term of supervised release subject to certain "standard conditions." ROA.202. These 13 standard conditions were contained in the written judgment, but not orally pronounced at sentencing.[1] Trevino appealed on the basis that the standard conditions were discretionary under 18 U.S.C. § 3583(d) and must thus be pronounced orally at sentencing. *See United States v. Diggles*, 957 F.3d 551, 556 (2020) (en banc).

A panel of this court agreed. *See United States v. Trevino*, No. 19-11202, 2022 WL 17691623 at *1 (5th Cir. Dec. 14, 2022). The panel vacated the judgment and remanded to the district court "to allow the unpronounced standard conditions to be removed from the written judgment." *Ibid.* The district court issued an amended written judgment on February 1, 2023, omitting the standard conditions in accordance with this court's mandate. Later, Trevino's probation officer petitioned the court to modify his sentence and reimpose the standard conditions, believing them "necessary to adequately supervise the defendant upon his release from custody." ROA.127–129. Because Trevino opposed the modification, the district court ordered a hearing.[2]

---

[1] At the time of Trevino's first sentencing, this court's precedent required oral pronouncement of only "discretionary" and "special" conditions. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam); *United States v. Vega*, 332 F.3d 849, 853 n.8 (5th Cir. 2003) (per curiam). *United States v. Diggles*, 957 F.3d 551 (2020) (en banc) was handed down after Trevino filed his notice of appeal. *See id.*

[2] The hearing solely concerned whether to reimpose the standard conditions of supervision. *See* ROA.212 ("This is not a resentencing hearing.").

At the hearing, Trevino lodged three objections to the reimposition of the standard conditions of supervised release. First, he contended that the modification was "premature," as his term of supervised release has not yet commenced. ROA.217. Second, he contended that reimposing the conditions was "inconsistent with the mandate from the Fifth Circuit." ROA.218. And finally, he contended that Standard Condition No. 10, which prohibits Trevino from possessing firearms and other weapons during supervised release, violates the Second Amendment. The district court overruled all three objections and reimposed the standard conditions after oral pronouncement.

## II

Trevino renews each of his three, preserved objections on appeal. We review a district court's modification of supervised release conditions for abuse of discretion. *See United States v. Doyle*, 865 F. 3d 214, 214–15 n.1 (5th Cir. 2017). An abuse of discretion occurs when a district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017) (quotation omitted).

## A

First, Trevino's premature-modification argument. The district court modified his sentence pursuant to 18 U.S.C. § 3583(e)(2). The statute permits the court to, after considering the factors set out in 18 U.S.C. § 3553(a), "modify . . . the conditions of supervised release at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). The statute's plain text does not require the district court to wait until the supervised release term has begun. *Cf. United States v. Ferguson*, 369 F.3d 847, 850–51 (5th Cir. 2004) (interpreting § 3583 according to its plain meaning). Recognizing § 3583(e)'s broad sweep, our court has held that a district court may modify conditions of supervised release even without

any "change in circumstance or compelling cause." *United States v. Caillier*, 80 F.4th 564, 568 (5th Cir. 2023) (quotation omitted). Moreover, Congress knew how to add a prematurity requirement, as evidenced by the adjoining subsection that allows the district court to *terminate* supervised release only after the defendant serves at least one year of the supervised-release term. *See* 18 U.S.C. § 3583(e)(1). We decline to read into § 3583(e)(2) a prematurity requirement that Congress omitted.

True, we have held that prisoners cannot move to modify their supervised-release conditions based on future, unknown, or contingent events. *See, e.g.*, *United States v. Ehret*, No. 21-40916, 2023 WL 3220915 (5th Cir. May 3, 2023) (per curiam); *United States v. Zimmerman*, 481 Fed. App'x 199, 201 (5th Cir. 2012) (per curiam). Thus, for example, a prisoner cannot claim that a supervised-release term unduly prejudices his future employment until he starts serving his supervised-release term and can show a non-speculative form of prejudice. *See United States v. Hatton*, 539 F. App'x 639, 639 (5th Cir. 2013) (per curiam).

But the fact that *prisoners* cannot use speculative future events to challenge their supervised-release terms does not mean *district courts* are disabled from making modifications under § 3583(e)(2) before that term begins. District courts, like the one in this case, find facts as they exist at the time of sentencing. Trevino offers no basis to conclude those facts were based on impermissible speculation. And the text of § 3583(e)(2) does nothing to preclude the district court's modification decision.

B

Trevino's mandate rule argument similarly fails. The district court fully complied with this court's mandate when it issued an amended judgment without the standard conditions omitted from Trevino's first oral sentence. Months later, Trevino's probation officer *sua sponte* petitioned the

court for a modification of the supervised-release conditions. The mandate rule poses no obstacle to that petition or the district court's reimposition of the standard conditions.

Trevino's first panel judgment remanded to the district court "to allow the unpronounced standard conditions to be removed from the written judgment." *Trevino*, 2022 WL 17691623 at *1. This decretal language mirrors that of other post-*Diggles* cases. *See, e.g., United States v. Martinez*, 47 F.4th 364, 368 (5th Cir. 2022) (remanding "for amendment of the written judgment by removing the unpronounced standard conditions"); *United States v. Richard*, No. 21-30179, 2023 WL 4559369 at *3 (5th Cir. 2023) (per curiam) (same). It has thus become standard practice for panels of this court to direct verdicts for criminal defendants in cases where oral and written sentences conflict. *See United States v. Griffin*, No. 21-50294, 2022 WL 17175592 at *7–*9 (5th Cir. Nov. 23, 2022) (Oldham, J., dissenting).

The mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). In Trevino's first appeal, a panel of this court determined his first sentencing was deficient for failure to pronounce oral conditions and remanded for revision in accordance with that flaw. *Trevino*, 2022 WL 17691623 at *1. The district court fully complied. On resentencing, the district court did not revisit the issue of whether Trevino's first hearing complied with *Diggles*. Instead, it decided a new issue: whether, with the defendant properly present, those standard conditions should be applied.[3]

---

[3] "When further trial-court proceedings are appropriate after remand, the appellate mandate commonly leaves the trial court free to decide matters that were not resolved on appeal." Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4478.3 (3d ed.).

Trevino's contrary interpretation of *Diggles* would create anomalies in criminal law. This court routinely remands for resentencing without instructing district courts to render a directed verdict for the defendant, including where serious substantive errors have occurred. *See, e.g.*, *United States v. Del Carpio Frescas*, 932 F.3d 324, 333 (5th Cir. 2019) (remanding for resentencing after district court incorrectly calculated offense level); *United States v. Rojas-Luna*, 522 F.3d 502, 507 (5th Cir. 2008) (remanding for resentencing after district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *United States v. Wright*, 533 F.2d 214, 215 (5th Cir. 1976) (remanding for resentencing where trial court retaliated against defendants asserting constitutional rights).[4] There is no justification for our different treatment of *Diggles* violations.

Finally, the district court's resentencing protected Trevino's right of allocution. "Our jurisprudence ensures that the pronouncement requirement is not a meaningless formality by insisting on giving the defendant notice of his sentence and providing him an opportunity to object." *United States v. Chavez*, No. 20-50550, 2022 WL 767033 at *5 (5th Cir. 2022) (citation omitted). Trevino had both at his resentencing hearing.

------

[4] *See also, e.g.*, *United States v. Chavez*, No. 20-50550, 2022 WL 767033 at *5 (5th Cir. 2022) ("While we must remand with instructions to amend the judgment to exclude the unpronounced conditions, we note that in certain circumstances the district court may later modify and enlarge the conditions of supervised release. As long as the district court adheres to the procedural protections of these authorities, we see nothing that prevents the court from modifying Chavez's conditions of supervised release to include the Western District's standard conditions and the two special conditions that it previously did not pronounce.") (citation omitted); *accord United States v. Garcia-Marcelo*, No. 21-50700, 2022 WL 3684613 at *5 n.2 (5th Cir. Aug. 25, 2022); *United States v. Hernandez*, No. 21-40161, 2022 WL 1224480 at *4 (5th Cir. Apr. 26, 2022).

No. 23-11180

C

Trevino raises three objections to the district court's reimposition of Standard Condition No. 10. All three fail. We explain (1) that the condition reasonably relates to the factors set forth in in 18 U.S.C. § 3553(a). We next conclude (2) that it does not involve a greater deprivation of liberty than reasonably necessary. Finally, we explain (3) that the Supreme Court's holding in *Bruen v. New York State Rifle & Pistol Association*, 144 S. Ct. 2111 (2022), does not render the condition unconstitutional.

1

When imposing conditions of supervised release, the district court must consider certain factors enumerated in 18 U.S.C. § 3553(a), including the nature of the offense and the need to protect the public from future crimes. *Ibid.*; 18 U.S.C. § 3585(d)(1). Any conditions of supervised release need only relate to one of the enumerated factors. *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). The district court found Trevino's crime "violent." ROA.222. And the district court considered the factors set forth in § 3553(a) before reimposing the condition. It is therefore no abuse of discretion to determine that a "violent" offender cannot possess a firearm. Although the underlying felony did not involve use of a firearm, that is not a requirement to impose the condition, and Trevino offers no authority to the contrary.

2

A condition of supervised release may "impose no greater deprivation of liberty than is reasonably necessary" to advance the considerations set forth in § 3553(a). *United States v. Caravayo*, 809 F.3d 269, 274 (5th Cir. 2015). Given the district court's finding that Trevino committed a "violent" crime, it did not abuse its discretion in applying Standard Condition No. 10. Preventing a violent offender from possessing a firearm is surely the

minimum deprivation of liberty necessary to protect the public from further violations.

3

Although the Supreme Court has yet to address the constitutionality of § 922(g)(1), it has continued to emphasize that laws disarming "felons" are "presumptively lawful." *United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 n.26 (2008)). We recently applied these standards to § 922(g)(1) and held the statute is facially constitutional. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024) (applying *Salerno* and upholding § 922(g)(1)). And *Bruen* itself emphasized that the Second Amendment protects the right of "law-abiding" citizens to possess and carry firearms. 144 S. Ct. at 2122. We therefore reject Trevino's facial challenge to § 922(g)(1).

*     *     *

The judgment of the district court is therefore AFFIRMED.