# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2025

Lyle W. Cayce
Clerk

No. 24-20031

United States of America,

*Plaintiff—Appellee*,

*versus*

Edgar Adrian Martinez-Rivera,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-382-1

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Edgar Adrian Martinez-Rivera pleaded guilty to unlawful re-entry by a previously removed alien with a felony conviction. On appeal, he argues the district court failed to orally pronounce the condition that he "report to the nearest probation office within 72 hours" should he re-enter the country. Because any error would be harmless, we affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20031

## I

## A

Edgar Adrian Martinez-Rivera is a citizen of Honduras and first entered the United States sometime during or before 2008. He was first removed in 2012 after he pleaded guilty to driving while intoxicated. He illegally re-entered the country at least five more times between 2012 and 2021. During those years, he was convicted by the State of Texas of theft, hit-and-run, and aggravated assault on a family member. Also during those years, he was convicted by the United States for three separate instances of illegal re-entry of a removed alien. *See* 8 U.S.C. § 1326(a).

In 2021, federal authorities found Martinez-Rivera while he was incarcerated in the Harris County Jail for aggravated assault on a family member, and he was indicted once again for illegal re-entry by a previously removed alien with a felony conviction. *See id.* §§ 1326(a), (b)(1). In 2023, Martinez-Rivera pleaded guilty to that offense.

## B

The district court sentenced Martinez-Rivera to 60 months of imprisonment and three years of supervised release.

At sentencing, the district court stated that Martinez-Rivera, "[w]hile on supervised release, . . . shall comply with the additional conditions as noted in the appendix of the Presentence Investigation Report" ("PSR"). ROA.84. The district court did not expressly confirm that Martinez-Rivera had reviewed the PSR with his attorney. Nor did the court read aloud the PSR's appendix. But the PSR's appendix stated the following condition of Martinez-Rivera's supervised release: "If you reenter the United States, you must report to the nearest probation office within 72 hours after you return." ROA.142.

2

Consistent with the district court's reference to the PSR's appendix, the written judgement required that Martinez-Rivera "report to the nearest probation office within 72 hours" should he re-enter the United States as a special condition of his supervised release. ROA.46.

## II

Martinez-Rivera challenges the district court's written judgment as inconsistent with its oral pronouncement at sentencing. On his theory, the district court's failure to ensure he had reviewed the PSR with his attorney creates a discrepancy between the written judgment and oral pronouncement that fails to comply with *United States v. Diggles*. *See* 957 F.3d 551, 556–57 (5th Cir. 2020) (en banc).

## A

We disagree. Martinez-Rivera does not claim that "the in-court [oral] pronouncement differs from the [written] judgment." *Id.* at 557. In fact, Martinez-Rivera admits, and the record is clear, that the district court orally adopted the supervised-release condition from the appendix of the PSR. And "[o]ral in-court adoption of a written list of proposed conditions provides the necessary notice." *Id.* at 560.

Martinez-Rivera's real argument is that the district court erred because it "never confirmed that Mr. Martinez-Rivera had reviewed, or had the opportunity to review, the PSR and its appendix with his counsel." Blue Br. at 11. This is really a claim that the district court violated Federal Rule of Criminal Procedure 32. *See* Fed. R. Crim. P. 32(i)(1)(A) ("At sentencing, the court . . . must verify that the defendant and the defendant's attorney

have read and discussed the presentence report and any addendum to the report.").[1]

B

Martinez-Rivera does not raise a challenge to Rule 32. Even if we construe his argument as such, it still fails.

As an initial matter, Martinez-Rivera's counsel confirmed that she had no objections to the PSR. That arguably constitutes a waiver of any objections in the PSR, which would make Martinez-Rivera's claim unreviewable. *See, e.g.*, *United States v. Sanchez-Hernandez*, 931 F.3d 408, 411 n.2 (5th Cir. 2019) ("Plain-error review is available only for forfeitures—not waivers."). But at a minimum, Martinez-Rivera did not object to the district court's failure to verify that he had read the PSR. So even if we can review his claim, it is subject to plain-error review. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001).

To prevail, Martinez-Rivera must show "(1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022) (quotations omitted).

Martinez-Rivera's substantial rights were not affected. Martinez-Rivera does not dispute that he and his counsel read and discussed the PSR. And at least Martinez-Rivera's counsel read the PSR. But more importantly,

---

[1] *Diggles* discusses this Rule as a reason to allow oral in-court adoption of a PSR and other written lists of proposed conditions of which the defendant has notice. *See* 957 F.3d at 560–61 & n.5 (citing, *inter alia*, Fed. R. Crim. P. 32(i)(1)(A)). But it does not state that a failure to adhere to the Rule creates a conflict between a district court's oral pronouncement and written judgment. *See id.*

Martinez-Rivera has not "alleged prejudice as a result of the district court's failure to conduct the Rule 32 inquiry." *Esparza-Gonzalez*, 268 F.3d at 274 (cleaned up). Martinez-Rivera does not dispute the accuracy of the PSR, nor the district court's ability to impose the condition of supervised release.

Of course, if we remanded for resentencing, the district court would be free to reinstate its previous sentence. *See United States v. Trevino*, 125 F.4th 198, 202 (5th Cir. 2024) ("This court routinely remands for resentencing without instructing district courts to render a directed verdict for the defendant, including where serious substantive errors have occurred."). And if we did in fact remand, we would expect the district court to impose the same conditions. As the district court said at sentencing:

> I do wish you luck on your return to Honduras after your time in prison. I know it's a severe sentence that you face now. You have returned a number of times. With the supervised release that's there, that hopefully will be a further added deterrence for you deciding to come back. The consequences will be severe, and I think you understand by now that if you do come back, at some point, you will be picked up and you will be back before a federal judge again.

ROA.85. Remanding would thus be "an exercise in futility in order to obtain the same sentence." *Esparza-Gonzalez*, 268 F.3d at 274 (citation omitted).

*        *        *

Accordingly, the district court satisfied the oral pronouncement requirement and did not plainly err in failing to confirm that the defendant read the PSR. AFFIRMED.